STEWART, Appellant,

v.

STEWART, Appellee.

[Cite as *Stewart v. Stewart* (1999), 134 Ohio App.3d 556.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 98CA14.

Decided Sept. 7, 1999.

*Thomas R. McGuire,* for appellant.

*Thomas L. Stewart, pro se.*

KLINE, Presiding Judge.

The Meigs County Court of Common Pleas entered a decree granting a divorce and allocating property and parental rights and responsibilities between Judith L. Stewart and Thomas L. Stewart. Judith appeals the portion of the judgment which provides that the court shall consider the future application for cash public assistance by either party to be a change of circumstances for purposes of modifying the parents' custodial rights pursuant to R.C. 3109.04(E)(1)(a). Because we find that the change-of-circumstances issue is not ripe for judicial resolution, we find that the trial court exceeded its Article IV jurisdiction by rendering judgment upon a nonjusticiable controversy. Section 4(B), Article IV, Ohio Constitution. Accordingly, we reverse the judgment of the trial court to the extent that it rules upon a future change of circumstances.

I

Judith and Thomas married and had two children: Sean, born in 1989, and Heather, born in 1993. Both Judith and Thomas are employed as nurses. Judith and Thomas appeared before the court for an uncontested divorce hearing on June 15, 1998.

The court designated Judith as Heather's residential parent and Thomas as Sean's residential parent. Additionally, the court ordered that each parent will

have visitation every other weekend, arranged so that the children will spend all weekends together. The court determined that neither parent should pay child support to the other parent. Finally, the court ordered that "[i]n the event that either party applies for cash public assistance after June 15, 1998, then the receipt of such cash assistance shall be considered to be a change of circumstances and the Court may modify the child support order, and/or residential parents."

Judith appeals, asserting the following assignment of error:

"The trial court erred in determining that the receipt of cash public assistance occurring after the filing of a Divorce Decree would constitute a change in the child's circumstances for custody purposes."

## II

Judith advances a number of arguments to support her claim that the trial court's premature decision is contrary to law and public policy. However, because we find that the trial court exceeded the jurisdictional powers conferred upon it by the Ohio Constitution, we need not address Judith's arguments here.

Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." See, also, *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000, 1001–1002. "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *State v. Stambaugh* (1987), 34 Ohio St.3d 34, 38, 517 N.E.2d 526, 530 (Douglas, J., concurring in part and dissenting in part), citing *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97–98, 63 O.O.2d 149, 151, 296 N.E.2d 261, 264–265. The court is required to raise justiciability *sua sponte.* See *Neiderhiser v. Borough of Berwick* (C.A.3, 1988), 840 F.2d 213, 216.

To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication. *Ohio Forestry Assn., Inc. v. Sierra Club* (1998), 523 U.S. 726, 731–733, 118 S.Ct. 1665, 1669–1670, 140 L.Ed.2d 921, 928. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all."

*Texas v. United States* (1998), 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406, 410.

■ The transcript reflects that the trial court included the disputed language in the divorce decree in order to prevent Judith from leaving her job and using public money to support Heather, because Thomas indicated that he is willing to stay employed and support both children as their residential parent. We must determine whether the "change of circumstances" question is an issue that is ripe for judicial review in this case. First, we note that the change of circumstances may not occur as anticipated (by Judith voluntarily becoming unemployed or underemployed), and may not occur at all. Moreover, the transcript does not reveal that the parties would endure undue hardship by waiting to apply for a change of custody until after such a change in circumstances occurs. Finally, a change-of-circumstances determination must depend upon a multitude of factors (see R.C. 3109.04), and the record is not yet fully developed so that the court may consider those factors. We find that the issue of whether a change-of-circumstances will occur if either party applies for public assistance is not ripe for judicial review.

Thus, we find that the trial court exceeded its jurisdictional powers by ruling upon future events which may or may not occur. Accordingly, we sustain Judith's assignment of error and reverse the judgment of the trial court to the extent that it makes factual determinations applicable to possible future claims for change of custody.

*Judgment reversed in part.*

PETER B. ABELE, J., concurs.

EVANS, J., concurs in judgment only.