I respectfully dissent. Because I would find that Westfield Companies' claim was not ripe for adjudication until after the jury returned a verdict in excess of Greene's insurance policy limits, I would reverse the trial court's decision.
Civ.R. 41(B)(1) provides, "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Although this provision grants the trial court discretion to dismiss a case where the plaintiff fails to comply with a court order, the trial court must not abuse that discretion.
"To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication." Stewart v. Stewart (1999) 134 Ohio App.3d 556,558 citing Ohio Forestry Assn., Inc. v. Sierra Club (1998), 523 U.S. 726,731-733. "Generally a claim is not ripe if the claim rests upon `future events that may or may not occur as anticipated, or may not occur at all.'" Stewart at 558-559, quoting Texas v. United States (1998),523 U.S. 296, 300.
Applying these factors, I would find that Westfield Companies' subrogation claim was not ripe for adjudication during the jury trial. First, it was unclear during the trial below whether Westfield Companies would be obligated to pay any damages under the underinsured motorists clause of the insurance policy. If the jury found for Greene or awarded damages under one hundred thousand dollars, it would not. Therefore, it was just as likely that the future harm would not occur at all. Second, delayed consideration of the subrogation claim would have caused no hardship to either of the parties and actually avoids the issue of presenting evidence to the jury of the liability limits of Greene's and Cummins' insurance policies. Consideration of insurance policy limits by a jury is inappropriate when the amount of damages is at issue. Cf.
Evid.R. 411 (evidence of fact of insurance inadmissible when liability is at issue). Third, the factual record, i.e., the amount of damages awarded to the Cummins, was not developed until after the jury's verdict. Thus, the subrogation issue was not ripe for adjudication until the jury's verdict, and Westfield Companies' claim rested upon future events that might have not occurred at all.
Therefore, Westfield Companies could not fail to prosecute its claim during the jury trial, as its claim was not ripe until after the jury's verdict. Accordingly, I would find that the trial court abused its discretion in dismissing Westfield Companies' claim for lack of prosecution and reverse the judgment of the trial court.