DECISION AND JUDGMENT ENTRY
{¶ 1} Jodi Lynn Ferris appeals the decision of the Meigs County Court of Common Pleas, which granted custody of the parties' minor children to her. Ms. Ferris argues that the trial court erred in ruling that if she moved from the children's current school district, Mr. Ferris would become the residential parent. Because we find that the trial court exceeded its jurisdiction in doing so, we agree. Ms. Ferris next argues that the trial court erred in ordering that the parties' children continue to attend the Alexander Local School District. We do not address this argument because Ms. Ferris has waived it. Ms. Ferris finally argues that the trial court erred in ordering that the parties' minor children could have no contact with Michael Harts until a psychologist determined that it would not be harmful. Because we find that the trial court did not abuse its discretion in so ordering, we disagree. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
 I.
{¶ 2} The parties married in 1991 and had two children, Austin and Whitney. In August 2000, Ms. Ferris filed a complaint for divorce in the Athens County Court of Common Pleas. In September 2000, Mr. Ferris filed a complaint seeking a divorce in the Meigs County Court of Common Pleas. In October 2000, the Athens County Court of Common Pleas transferred Ms. Ferris' complaint for divorce to the Meigs County Court of Common Pleas.
{¶ 3} Pursuant to Ms. Ferris' motion, the trial court interviewed Austin and Whitney.
{¶ 4} During the divorce hearing, Ms. Ferris testified that she intended to stay in Meigs County regardless of whether she got custody of her children. She further testified that she did not intend to take the children out of Alexander School District because the children are doing well. She also expressed a desire to move closer to the children's school building.
{¶ 5} Ms. Ferris admitted that before the parties' divorce, she became involved with Michael Harts. She also admitted during her testimony that the children were fearful of Mr. Harts and had reported this to their guardian ad litem, Jeanie Weeks. She further admitted that the children saw a gun belonging to Mr. Harts when he stayed at Ms. Ferris' residence for two weeks.
{¶ 6} At the conclusion of the hearing, the trial court stated: "Whoever gets custody, nobody moves from the Albany area — 25 miles from the Albany area. It would be Meigs County or Athens County. Anybody want any other counties?" Ms. Ferris' attorney replied "That is acceptable, Your Honor." After the trial court stated that he was making Ms. Ferris the residential parent, the trial court commented "I have a little problem with this Mr. Harts being around those kids until somebody tells me that the kids aren't actually fearful. Didn't one of the reports say that the kids were bothered by him?"
{¶ 7} The trial court granted the parties a divorce. The trial court named Ms. Ferris the primary residential parent of Austin and Whitney and awarded visitation with Mr. Ferris. The trial court ordered: (1) that the children shall continue to attend the Alexander Local School District, (2) that the parties are free to move within the school district, (3) "if one of the parties intends to move to a new residence or outside the school district, that party's parenting rights shall be modified to permit the children to remain with the parent residing within said school district", and (4) a party intending to move out of the school district to comply with certain notification requirements. The trial court ordered (1) the parties to obtain counseling from Dr. Harding, (2) Dr. Harding to review the possible harm of introducing Mr. Harts into the children's lives, and (3) that Mr. Harts is to have no contact with the children until Dr. Harding determines that such contact with the children will not be harmful to them.
{¶ 8} Ms. Ferris appeals and asserts the following assignments of error: "[I.] The trial court erred in ruling that if [Ms. Ferris] moved from the school district, the parent designated as the residential parent would change to [Mr. Ferris]. [II.] The trial court erred when it held that the children must continue to attend the Alexander School District.[1] [III.] The trial court erred in deciding that the children could not be in the presence of [Mr.] Harts until a psychologist said it would not be harmful."
 II.
{¶ 9} In her first assignment of error, Ms. Ferris argues that the trial court erred in ruling that if she changes her residence to outside of the school district, that Mr. Ferris would automatically become the children's residential parent. She asserts that R.C. 3109.04(E)(1)(a) requires that a trial court find that there is a change of circumstances and a determination of the best interest of the children before a trial court reallocates parental rights. She concludes that the trial court's order making the change in residential parent automatic if she moves out of the school district violates R.C. 3109.04(E)(1)(a) and exceeds the court's authority under Article IV, Section 4(B) of the Ohio Constitution.
{¶ 10} Mr. Ferris disputes that the change in residential parent will be automatic if Ms. Ferris moves from the school district.
{¶ 11} First, we must determine whether the trial court's decision automatically reallocates parental rights if Ms. Ferris were to move from the school district. The relevant part of the trial court's order states "* * * the children shall continue to attend the Alexander Local School District and the parties shall arrange their residential circumstances to accommodate the children continuing in their education in said school district. [Mr. Ferris] and [Mrs. Ferris] shall have the prerogative to move within the said school district with prior notice to the other party. However, if one of the parties intends to move to a new residenceor outside of the school district, that party's parenting rights shall bemodified to permit the children to remain with the parent residing withinsaid school district. Such an out-of-school move shall not occur without ninety days (90) prior advance written notice of relocation being filed with the court and served on the other party, at which time either party may request the court to review the residential status of the children provided, however, the children shall not be relocated out of the district without prior court consent or order." [Emphasis added]. We read the trial court's decision as prohibiting the parties from moving outside of the school district with the children without prior consent of the trial court. The italicized portion of the decision indicates what will happen if a party moves outside of the school district. Thus, while the decision does not provide for an "automatic" reallocation of parental rights, it does attempt to rule on a matter that has not yet happened.
{¶ 12} Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." See, also, N. Canton v. Hutchinson (1996),75 Ohio St.3d 112, 114. "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." State v. Stambaugh (1987), 34 Ohio St.3d 34, 38, (Douglas, J., concurring in part and dissenting in part), citing Burger Brewing Co. v.Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97-98. The court is required to raise justiciability sua sponte. Stewart v. Stewart (1999),134 Ohio App.3d 556, 558, citing Neiderhiser v. Borough of Berwick
(C.A.3, 1988), 840 F.2d 213, 216.
{¶ 13} "To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication." Stewart, citing Ohio Forestry Assn., Inc.v. Sierra Club (1998), 523 U.S. 726, 731-733, 118 S.Ct. 1665, 1669-1670,140 L.Ed.2d 921, 928. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." Texas v. United States (1998), 523 U.S. 296, 300, 118 S.Ct. 1257,1259, 140 L.Ed.2d 406, 410.
{¶ 14} We begin by noting that Ms. Ferris' move may not occur as anticipated or at all. The record does not reflect that the parties would endure undue hardship by waiting to apply for a change of custody until after Ms. Ferris moves. Finally, a reallocation of parental rights "depends upon a multitude of factors (see, R.C. 3109.04), and the record is not yet fully developed so that the court may consider those factors."Stewart, 559. Thus, we find that the issue of whether custody of the children will change if Ms. Ferris moves from the school district is not ripe for judicial review, and that the trial court exceeded its jurisdictional powers by ruling upon future events which may or may not occur. Thus, we sustain Ms. Ferris' first assignment of error and reverse that part of the trial court's decision that indicates the consequences for a party moving out of the school district.
 III.
{¶ 15} In her second assignment of error, Ms. Ferris argues that the trial court erred in ordering that the children continue to attend Alexander Local School District. She asserts that the right to determine which school district the children attend is one of the bundle of rights that belong to the custodial parent.
{¶ 16} We find that Ms. Ferris has waived this argument by failing to object to the trial court's announcement of this order at the hearing and by failing to make this argument to the trial court.
{¶ 17} The failure to promptly object and call any error to the attention of the trial court, at a time when it could have been prevented or corrected, amounts to a waiver of such error. State v. Lott (1990),51 Ohio St.3d 160, 174, citing State v. Gordon (1971), 28 Ohio St.2d 45, at paragraph two of the syllabus. An appellant waives any argument, for purposes of appeal, that was not made in the trial court proceedings.Stores Realty v. Cleveland (1975), 41 Ohio St.2d 41, 43; Lippy v. SocietyNatl. Bank (1993), 88 Ohio App.3d 37.
{¶ 18} Here, Ms. Ferris testified that she did not intend to move from the Albany area and did not intend to take the children out of Alexander School District because the children are doing well. She also expressed a desire to move closer to the children's school building. She also indicated that she knew that the guardian ad litem had changed her recommendation from joint custody to sole custody to Mr. Ferris once she learned that Ms. Ferris intended to relocate to the Cincinnati area. At the end of the hearing, the trial court indicated that it would put on an order prohibiting whoever got custody of the children from moving from the Albany area. Ms. Ferris' attorney did not object; rather, he indicated that that was "acceptable." Thus, we find that Ms. Ferris both failed to object to the trial court's decision and failed to present the argument she now makes on appeal. Accordingly, we overrule her second assignment of error.
 IV.
{¶ 19} In her third assignment of error, Ms. Ferris argues that the trial court erred in ordering that the children not be in the presence of Mr. Harts until a psychologist determines that it will not harm the children.
{¶ 20} "Because the trial judge is in the best position to evaluate the child's best interests, a reviewing court should accord great deference to the decisions of the trial judge." Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 420, quoting Pater v. Pater (1992),63 Ohio St.3d 393, 403 (Resnick, J., dissenting). Therefore, a trial court has broad discretion in custody proceedings. Davis at 421; Trickeyv. Trickey (1952), 158 Ohio St. 9. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
{¶ 21} After a thorough review of the record in this case, we cannot find that the trial court abused its discretion in ordering that Ms. Ferris keep the children away from Mr. Harts until a psychologist determines that being in Mr. Harts' presence will not harm the children. The guardian ad litem's report indicates that the children expressed fear of Mr. Harts. Ms. Ferris admitted during her testimony that the children were fearful of Mr. Harts and had reported this to their guardian ad litem. She also admitted that the children saw a gun belonging to Mr. Harts when he stayed at Ms. Ferris' residence for two weeks. The trial court interviewed the children with the guardian ad litem present; however, Ms. Ferris failed to order a transcript of the interview[2], so we do not know whether the children expressed any views on Mr. Harts to the trial court. Given the children's statement to the guardian ad litem, the evidence that Mr. Harts kept a gun within view of the children, and our limited knowledge about the trial court's direct interaction with the children, we find that the trial court's order was not unreasonable, unconscionable, or arbitrary. Accordingly, we overrule Ms. Ferris' third assignment of error.
 V.
{¶ 22} In sum, we sustain Ms. Ferris' first assignment of error and overrule Ms. Ferris' second and third assignments of error. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
Judgment Affirmed In Part And Reversed In Part.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
Evans, P.J.: Concurs in Judgment and Opinion.
[1] In her statement of the Assignments of Error, Ms. Ferris asserts a different assignment of error, "The trial court erred in ruling that the parties' minor children could have no contact with Michael Harris." Because she did not argue this assignment of error, we disregard it. App.R. 12(A)(2), App.R. 16(A). Instead, we consider the version of her second assignment of error that she actually argued.
[2] Ms. Ferris requested that the court reporter prepare only a transcript of the "hearing held on the 4th day of January, 2002."