JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant MetroHealth Medical Center (MetroHealth) appeals the court order declaring R.C. 2744.05(C) unconstitutional in this medical malpractice claim brought by Steve and Melissa Kalnasy on behalf of their son Brandon (collectively plaintiffs). After reviewing the facts of the case and pertinent law, we sua sponte dismiss this case for lack of ripeness.
 I. {¶ 2} On October 1, 2004, plaintiffs filed a medical malpractice case against MetroHealth based on Brandon's retinal detachment and subsequent permanent blindness. On July 2, 2007, after years of discovery, but before trial, the court summarily granted plaintiffs' motion to declare R.C. 2744.05(C) unconstitutional. R.C. 2744.05 puts limitations on damages awarded to political subdivisions in tort cases. Specifically, subsection (C) states that although there is no limit to actual damages incurred, there is a $250,000 limit to noneconomic, or "pain and suffering" damages. MetroHealth appeals from the court's July 2, 2007 declaration.
 II. {¶ 3} In its sole assignment of error, MetroHealth argues that "the trial court erred in granting plaintiff[s']-appellee[s'] motion challenging the constitutionality and applicability of Ohio Revised Code Section 2744.05(C)." *Page 4 
 {¶ 4} We first note that plaintiffs filed a motion in this court to dismiss this appeal, arguing that it is an interlocutory, rather than a final appealable, order. While we acknowledge that the Ohio Supreme Court's decision in Hubbell v. Xenia, 115 Ohio St.3d, 2007-Ohio-4839
holds that the denial of summary judgment based on sovereign immunity is a final appealable order under R.C. 2744.02(C), we decline to address whether Hubbell extends to the facts of the case at hand. Rather, we sua sponte raise the issue of ripeness. See Stewart v. Stewart (1999), 134 Ohio App.3d 556, 558 (holding that a "court is required to raise justiciability sua sponte"); National Park Hospitality Assn. v. Dept. ofInterior (2003), 538 U.S. 803, 808 (holding that the issue of ripeness stems from constitutional limits on judicial power, as well as "`prudential reasons for refusing to exercise discretion,' but even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion") (internal citations omitted).
 "Ripeness `is peculiarly a question of timing.' The ripeness doctrine is motivated in part by the desire `to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements * * *.' `The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." * * * The prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived * * *.'"
State ex rel. Elyria Foundry Co. v. Indus. Comm. of Ohio (1998),82 Ohio St.3d 88, 89 (internal citations omitted). *Page 5 
 {¶ 5} In determining whether an issue is ripe for judicial review, a court must weigh the following three factors: 1) the likelihood that the alleged future harm will occur; 2) the likelihood that delayed review will cause hardship to the parties; and 3) whether the record is sufficiently factually developed to provide fair adjudication. OhioForestry Assn., Inc. v. Sierra Club (1998), 523 U.S. 726. Generally, a claim is not ripe if it depends on "future events that may not occur as anticipated, or may not occur at all." Texas v. U.S. (1998),523 U.S. 296.
 {¶ 6} In the instant case, the future harm is the amount of noneconomic damages awarded against MetroHealth should plaintiffs win at trial. As to the first prong of the Sierra test, it is impossible to predict the likelihood that this may occur at this stage of the proceedings. We may not have the opportunity to substantively review R.C. 2744.05(C) as it relates to the facts of this case, if, for example, the case settles out of court, the jury finds in favor of MetroHealth, or the jury awards less than $250,000 in noneconomic damages. See Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 314 at footnote 1 (emphasis added):
 "Although the parties and amici extensively briefed the issues surrounding the constitutionality of R.C. 2744.05(C) at the request of this court, our decision to remand this cause for a new trial precludes a determination of that issue. At the new trial, the jury may not find that the RTA breached its duty to Gladon or the jury may award Gladon less than $250,000 for pain and suffering. Consequently, any opinion we would render on the issue of the constitutionality of a cap on an award for pain and suffering before a jury verdict has been rendered would be advisory in nature. It is well settled that this court will not indulge in advisory opinions." *Page 6 
 {¶ 7} As to the second prong of the Sierra test, we can think of no substantive hardship to the parties that delayed review would cause. Damages have not yet been awarded, nor has the doctrine of remittitur come into play. The third prong of the Sierra test also weighs in favor of this issue not being ripe for review, as no facts yet exist to trigger the application of R.C. 2744.05.
 {¶ 8} Accordingly, we hold that the constitutionality of R.C. 2744.05(C) is not yet ripe for our review, and we dismiss this case for lack of justiciability.
Case dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1