**Charles FENNER**

v.

**John MORAN, Donald Ellerthorpe, William Quattrocchi, Stanford Quick, Brian Derry, Donald Taylor, Dr. B. Duval, Dr. Kuhn, Dr. John Doe, Nurse Stenmark, Nurse Stepenson.**

**Civ. A. No. 89–0294L.**

United States District Court,
D. Rhode Island.

Feb. 26, 1991.

Charles Fenner, pro se.

Michael B. Grant, Dept. of Corrections, Cranston, R.I., for defendants.

# FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate Judge.

This civil action, alleging various civil rights violations, seeks to invoke the remedial provisions of 42 U.S.C. Section 1983. The instant case has been referred pursuant to 28 U.S.C. Section 636(b)(1)(B) for findings and recommendation. Before the Court is defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6).

## Statement of Facts

Plaintiff, Charles Fenner, is an inmate at the Adult Correction Institute (ACI) in Cranston, Rhode Island. The defendants are John J. Moran, Director of the Rhode Island Department of Corrections; Donald Ellerthorpe, Deputy Assistant Director of Operations; William Quattrocchi, Associate Director of Maximum Security; Stanford Quick, Associate Director for the High Security Center; Brian Derry, Deputy Assistant Director of Health Services; Donald Taylor, Dr. B. Duval, Psychiatrist for the Department of Corrections; Dr. Kuhn, Medical Doctor for the Department of Corrections, Dr. John Doe, Medical Doctor for the Department of Corrections; Correction Officers Sabolewski, Rotelli and Montecalvo; Department of Corrections Nurses Stenmark and Stepenson. The complaint states that they are sued in their official and individual capacities.

The complaint in the instant matter avers the following: in March, 1982, after complaining of nosebleeds, plaintiff was taken to the institutional doctor for an examination. After this examination an appointment was made for the plaintiff at Rhode Island Hospital for extensive blood work. Upon completion of the blood work plaintiff was informed, by the examining doctor, that a bone biopsy was needed to diagnose his condition. A biopsy was performed and the results showed the plaintiff was suffering from leukemia. After being informed of this diagnosis, by the Rhode Island Hospital examining staff, plaintiff was returned to the ACI. The complaint further avers that sometime after being returned to the ACI plaintiff discovered that he was not in fact suffering from leukemia.

In his complaint, plaintiff alleges the defendants intentionally informed him that he was suffering from leukemia for the sole purpose of torturing him psychologically. This, plaintiff contends, amounted to violations of his Eighth and Fourteenth Amendment rights. Plaintiff requests a declaratory judgement that defendants violated his Eighth and Fourteenth Amendment rights. Further, plaintiff seeks monetary damages against the defendants in both their official and individual capacities. Defendants move to dismiss for failure to state a claim upon which relief can be granted.

## Remedial Provisions of 42 U.S.C. Section 1983

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

## Rule 12(b)(6) Standard

## Federal Rule of Civil Procedure 12(b)(6) Standard

■ A complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80; *accord, H.K. Porter Co., Inc. v. Nicholson File Co.,* 353 F.Supp. 153, 159–160 (D.R.I.1973); *Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir.1976); *Newport National Bank v. United States,* 556 F.Supp. 94, 95 (D.R.I.1983). The question must be resolved in the light most favorable to the

plaintiff with any doubt resolved in his behalf. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Klimas v. International Tel. & Tel. Corp.*, 297 F.Supp. 937 (D.R.I.1969). Accordingly, the Court must deny a motion to dismiss if the allegations of the complaint permit relief to be granted on any theory, even one not expressly stated herein. *Adams v. Bell*, 711 F.2d 161, 187 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 678 (1984).

■ Further, when considering a 12(b)(6) motion to dismiss the Court must accept the allegations made in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Thus, the allegations averred in plaintiff's complaint will be deemed true for the purposes of this motion.

*Discussion*

The first question the Court will consider is whether the actions of the defendants, as alleged, rise to the level of an abridgement of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. This question can be answered by determining if prison personnel exhibited a "deliberate indifference" to the plaintiff's serious illness. *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).

The Supreme Court in *Estelle* held that the facts underlying a claim pursuant to the Eighth Amendment, for improper medical treatment, must indicate a "deliberate indifference to serious medical needs of prisoners", in order to amount to the "unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. *Estelle, supra*, at 104, 97 S.Ct. at 291, (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).

■ Upon consideration of the plaintiff's complaint, and the allegations made therein, I find the plaintiff's Eighth Amendment claim must fail. My reasons are these.

Here, the defendants were unable to determine the cause of plaintiff's nosebleeds. Rather than ignore plaintiff's condition, defendants arranged for plaintiff to be taken to Rhode Island Hospital to undergo further testing. The tests, which were performed by Rhode Island Hospital staff doctors, disclosed that plaintiff was suffering from leukemia. The defendants, under the impression that plaintiff was in fact suffering from leukemia, returned him to the ACI and began the prescribed treatment for his illness. These alleged acts of the defendants, taken as established, fail to amount to a "deliberate indifference" to the plaintiff's medical needs. Rather, the complaint clearly avers that the defendants gave close and particular attention to the plaintiff's medical needs. If the plaintiff's assertion, that he is not suffering from leukemia, is true, which it will be assumed to be for the purposes of this motion, at most he was the victim of mere negligence or mistake on the part of the ACI medical staff.

In *Estelle* the Supreme Court dealt with this exact question of whether or not a negligent diagnosis amounted to a violation of the Eighth Amendment. There, the Supreme Court held:

> Similarly, in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in *diagnosing* or treating a medical condition *does not state a valid claim of medical mistreatment under the Eighth Amendment.* (emphasis added)

*Estelle, supra*, 429 U.S. at 106, 97 S.Ct. at 292.

Thus, the plaintiff's Eighth Amendment claim should be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

■ Second, plaintiff's Fourteenth Amendment due process claim must also be dismissed for failure to state a claim upon which relief could be granted. Here, as above, the allegations in the complaint, taken as true, aver that the defendants were

guilty of negligence. This allegation has been held not to be actionable as a civil rights violation. *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Without more, the plaintiff can not claim his constitutional rights to life, liberty or property have been violated.

Accordingly, the motion to dismiss as it pertains to defendants Moran, Ellerthorpe, Quattrocchi, Quick, Derry, Taylor, Duval, Dr. Kuhn, Dr. John Doe and the Department of Corrections Nurses Stenmark and Stepenson should be granted.

■ Lastly, the Court will address plaintiff's claims of cruel and unusual punishment as it pertains to defendants Montecalvo, Rotelli, and Sabolewski, all of whom were correctional officers at the ACI when the incidents were alleged to have taken place. Plaintiff's amended complaint avers that on one occasion the three correctional officers physically beat the plaintiff before transporting him to High Security for further detention.

In *Dewey v. The University of New Hampshire*, 694 F.2d 1 (1st Cir.1982), *cert. denied* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983), this Circuit discussed the standard for considering a motion to dismiss a 1983 complaint:

> We require more than conclusions or subjective characterizations. We have insisted on at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by unpleaded facts ... therefore, although we must ask whether the "claim" put fourth in a complaint is capable of being supported by any conceivable set of facts, we insist that the claim at least set fourth minimal facts, not subjective characterizations, as to *who did what to whom and why*. (emphasis added)

*Id.* at 1.

Here, the "plaintiff has averred, objectively and with particularity, facts which could support his claims" against defendants Montecalvo, Rotelli and Sabolewski. *Jones v. Rhode Island, et al.*, 724 F.Supp. 25, 31 (D.R.I.1989). In his Amended Complaint plaintiff avers that he was hit in the

rib and groin area by the three correctional officers in question. The allegations averred in the complaint belie the defendants argument that the standard in *Dewey* has not been met by plaintiff. Further, the First Circuit has also held that "plaintiff need only establish that the defendants' acts or omissions were the product of reckless or callous indifference to his constitutional rights and that they, in fact, caused his constitutional deprivations." *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 567 (1st Cir.1989). Here, the allegations made by the plaintiff, taken as true for the purpose of this motion, could demonstrate a "reckless or callous" indifference to plaintiff's constitutional rights.

Having found that plaintiff's complaint could state a claim upon which relief could be granted against defendants Montecalvo, Rotelli and Sabolewski, the motion to dismiss as it pertains to these defendants should be denied.

■ A magistrate judge's Finding and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

■ A review of the magistrate judge's Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate judge. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988).

### Recommendation

Defendant's motion to dismiss should be denied against defendants Montecalvo, Sabolewski and Rotelli. The motion to dismiss on behalf of the other named defen-

**64**

dants should be granted. It is so recommended to the Court.

### ORDER

The Report and Recommendation of United States Magistrate Jacob Hagopian filed on February 11, 1991 in this action is accepted pursuant to Title 28, United States Code, Section 636(b)(1), since no objection has been timely filed and the time for objecting has expired.