**Adrian MERCADO, et al., Plaintiffs,**

v.

**Rafael PEREZ VEGA, et al., Defendants.**

**Civ. No. 92–1076 GG.**

United States District Court,
D. Puerto Rico.

Nov. 9, 1993.

Mercado & Soto, Juan B. Soto Balbas, Old San Juan, PR, for plaintiffs

Modesto Bigas Mendez, Ponce, PR, for plaintiff Mario Mercado Jiménez.

Pedro R. Pierluisi, Atty. Gen., Mayra Maldonado Colon, Acting Director, Federal Litigation Div., Dept. of Justice, San Juan, PR.

Bauza & Davila Jorge F. Freyre, Old San Juan, PR, for defendant Municipality of Ponce.

## OPINION & ORDER

GIERBOLINI, District Judge.

Before us we have plaintiff's objections to the magistrate's report which recommended that this action be dismissed. We adopt in their entirety the magistrate's recommendations, and dismiss the action as to co-defendants municipality of Ponce, Rural Housing Administration, Department of Housing, the Puerto Rican Land Administration, Gamalier Rodríguez Mercado, Pedro Hernández Purcell and Vidia García de Gómez, movants.

The facts of this action are rather simple. The suit is styled as a civil rights action under 42 U.S.C. §§ 1983 and 1985, seeking "remedies for the unreasonable, oppressive, abusive, discriminatory and depriving acts by defendants acting under color of state law against plaintiff's property rights." (Plaintiff's Objections, 1). While this action can legitimately be dismissed under any number of legal theories, the court need only discuss a few.

■ Unfortunately, we have before us yet another example of a failure to comply with the rules concerning the making of an objection to a magistrate's report. Although the magistrate explicitly notified the parties that any "written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objection" (Magistrate's Report, 9–10), plaintiffs fail to do so. Plaintiffs' rambling and at time incoherent brief fails to count as an objection. Plaintiffs appear to believe that their somewhat random citation of cases analyzing Fifth Amendment jurisprudence amounts to a legal brief in support of a legal argument.

■ 28 U.S.C. § 636(b)(1)(C) provides that a "judge of the district court shall make a *de novo* determination of those portions of the report or specified proposed findings or rec-ommendations to which objection is made." However, no review is required of any issue that is not the subject of objection. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *U.S. v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986).

■ We therefore adopt the Magistrate's Report in its entirety on the grounds that plaintiffs have made no objections thereto. Failure to file specific objections amounts to a waiver of the right to review. See, e.g. *Fenner v. Moran,* 772 F.Supp. 59, 63 (D.R.I. 1991). However, even were proper objection made, the result would be the same.

*Background*

Plaintiffs are joint co-owners in fee simple of a 571 cuerda parcel of land known as "Matilde Norte Escarpada." (Amended Complaint, 4–5). Allegedly, the defendants supported a large-scale intrusion of squatters in land to the east of this parcel. This aid and comfort allegedly took the form of provision of various municipal services such as roads, sidewalks, water, sewer, and electrical services. (Amended Complaint, 5–6). The Municipality of Ponce provided services such as garbage collection.

Plaintiffs assert that such acts devalued the remaining parcel. This diminution in value, it is argued, constitutes a taking of plaintiffs' land without just compensation, in violation of the Fifth Amendment to the United States Constitution. Defendants have taken no final action to acquire plaintiffs' land, although plaintiffs have endeavored to facilitate either the purchase or condemnation of their land.

The magistrate recommended dismissal of the action on numerous independent grounds, none of which were the subject of a proper objection.

*Lack of Subject Matter Jurisdiction.*

■ The Fifth Amendment prohibits any taking of property without just compensation. It does not prohibit taking per se, of course. *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 194, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985).

If there is an adequate state remedy for seeking just compensation, the owner of the property that is alleged to be taken cannot allege a violation of the Fifth Amendment until it has utilized the procedure provided and been denied just compensation.

█ Puerto Rican law provides an inverse condemnation procedure in which owners of "taken" land can seek just compensation. Since plaintiffs have not invoked their state remedies, there has been no Fifth Amendment violation, and thus this court lacks subject matter jurisdiction. Therefore, the case must be dismissed. A claim that government action constitutes a taking is not ripe until the government actor in question has reached a final determination. *Williamson,* 473 U.S. at 186, 190, 105 S.Ct. at 3116, 3118.

In "objection" plaintiffs argue that "it is irrelevant for the purpose of a § 1983 action, whether the state provides any post-deprivation remedies or other procedures or remedies, neither if such remedies have been exhausted at the state level." (sic) (Plaintiff's Objections, 4). Plaintiffs confuse exhaustion doctrine with the doctrine of ripeness. Plaintiffs are not completely wrong in their legal analysis; § 1983 does not require that they *exhaust* their state remedies. *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). However, what they fail to comprehend is that there is no legally cognizable § 1983 claim until the state acts in the first place by denying them just compensation. Without the requisite state action there can of course be no constitutional deprivation.

Plaintiff's own legal citations provide argument contrary to their assertions. For example, plaintiff is helpful enough to remind this court of *First English Evangelical Lutheran Church v. Los Angeles,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987).

*First English* clearly and definitely contradicts plaintiffs legal analysis. In *First English,* plaintiffs should remember, the petitioners had sought to recover against the state in inverse condemnation procedures. *First Lutheran,* 482 U.S. at 308, 107 S.Ct. at 2382. Only after this action met with failure to obtain just compensation did plaintiffs file their federal action. We thank plaintiff for providing us with the case law against them, and advise plaintiffs to thoroughly read the cases they cite in the future.

There has been no determination that has denied plaintiffs just compensation. There can therefore be no Fifth Amendment violation. Thus, there can be no lawsuit to seek redress for a violation that has not yet occurred. If, at some later point, defendants take petitioners' land and deny them just compensation, then at that time an action may lie. "[N]o constitutional violation occurs until just compensation has been denied." *Williamson,* 473 U.S. at 194 n. 13, 105 S.Ct. at 3121 n. 13.. Until then, there can be no lawsuit. A taking claim is not ripe until petitioners "seek compensation through the procedures that the state has provided for doing so." *Williamson,* at 194, 105 S.Ct. at 3120. As long as the state "provides an adequate process for obtaining compensation, and resort to that process holds out some realistic promise of yielding just compensation, an owner of property has no cognizable claim against the State in respect to an alleged confiscation." *Gilbert v. City of Cambridge,* 932 F.2d 51, 63 (1st Cir.), cert. den. ── U.S. ──, 112 S.Ct. 192, 116 L.Ed.2d 153 (1991).

█ Puerto Rico courts provide for an inverse condemnation procedure. Thus, until the plaintiffs utilize this procedure to seek compensation and are denied, they have no federal action since there is no "actual controversy" under Article III, Section 2, of the United States Constitution for this court to consider. *Culebras Enterprises Corp. v. Rios,* 813 F.2d 506, 513–16 (1st Cir.1987). Thus plaintiff's action under § 1983 is dismissed. Even though this dismissal moots all other claims, we will proceed to discuss the § 1985 claim. We do this for the benefit of plaintiffs, so that they will learn what activities constitute conspiracies cognizable under § 1985.

*Conspiracy claims*

█ Plaintiffs present a bizarre and poorly-worded allegation that the defendants conspired to violate their constitutional rights. The magistrate recommended that this cause

of action be dismissed due to plaintiffs' failure to allege that the defendants had a meeting of the minds in which they set out to intentionally disrupt plaintiff's enjoyment of their property. *Schneider v. Colegio de Abogados de Puerto Rico,* 546 F.Supp. 1251, 1262–63 (D.P.R.1992). As noted by Magistrate Arenas, the "fact that defendants provided the public services does not allow an inference that defendants had a meeting of the minds with the squatters and reached an agreement to conspire." (Report, 7). Thus even if we did not dismiss the suit on the grounds cited above, we would adopt the magistrate's recommendation to dismiss the action against the municipality of Ponce.

 Additionally, as provided for in the seminal case of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), municipal actors may only be sued for constitutional violations based on an official policy or custom. The action alleged to be unconstitutional must have been taken pursuant to "a policy statement, ordinance, regulation, or decision *officially adopted and promulgated* by that bodies officers." *Monell,* 436 U.S. at 690, 98 S.Ct. at 2035 (emphasis supplied). While plaintiffs can satisfy this burden by showing a policy of deliberate indifference, see *Manarite v. Springfield,* 957 F.2d 953, 959 (1st Cir.), cert. den. —— U.S. ——, 113 S.Ct. 113, 121 L.Ed.2d 70 (1992), such indifference must amount to an official policy of deliberate and conscious disregard. *Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). If anything, plaintiffs have only demonstrated a negligent indifference.

Furthermore, plaintiffs must demonstrate that the harm they allege to have suffered flowed directly from the official municipal policy. *Monell,* 436 U.S. at 692, 98 S.Ct. at 2036. Thus, even were this action not dismissed in its entirety due to plaintiffs' failure to make proper objection, or due to the flaws in the § 1983 action as stated above, the action against Ponce must be dismissed for plaintiffs' failure to satisfy the above criteria.

Plaintiffs, of course, do not even deign to recognize this argument and, again, fail to make proper objection. Plaintiffs merely throw at the court various court citations that are largely irrelevant to the issues at hand, and, in response to the magistrate's recommendation, merely state: "Clearly, this is not so." (Objections, 8). Clearly, it is.

Rarely has this court been presented with as abject a failure as plaintiffs' complete lack of any evidence whatsoever to support their conspiracy claim. Plaintiffs fevered invocation of the word "conspiracy," as if mere recitation of the word is all that is required, is insufficient to support this action. Plaintiffs apparently fail to realize that in federal court the totemistic repetition of legal phrases and principles does not create a cause of action where none exists. The repetition of "magic words" does not by itself support a lawsuit. In the *Wizard of Oz* one could, by merely clicking one's heels three times and saying "There's no place like home," actually get there. In federal court a little more is required. You cannot create a suit by saying, as plaintiffs do in this case, "there's no lawsuit like one based in conspiracy and civil rights deprivation." The plaintiffs may think that this court is dismissing their action because, like the Tin Man in the *Wizard of Oz,* it lacks a heart; the truth is, however, that like the scarecrow in the above film, the plaintiffs brief has no brain. Such a straw man is easily knocked down, and that we do, *in toto.*

The action is dismissed in its entirety.

*Conclusion*

We adopt the recommendations of the magistrate in their entirety, and dismiss this action for the reasons stated above.

**SO ORDERED.**