DECISION
{¶ 1} Plaintiff-appellant, Jesse Hamilton, appeals from the April 16, 2004 decision and entry of the Franklin County Court of Common Pleas granting defendants-appellees' Reginald Wilkinson et al. a Civ.R. 12(B)(6) motion to dismiss. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant is currently incarcerated at North Central Correctional Institution ("NCCI"). On January 27, 2004, appellant filed a complaint against Reginald Wilkinson, Director of the Department of Rehabilitation and Corrections; Gordon Lane, Warden of NCCI; Lieutenant Dean, Lieutenant at NCCI; Tamara Engle, Unit Manager at NCCI and Sergeant Heinlin, Unit Counselor at NCCI. In his complaint, appellant alleged that he was wrongfully placed in prison segregation for eight days. Appellant further alleged that the state and its agents failed to properly investigate a prison rule infraction and, as a result, appellant alleged that he was found guilty of sexual battery in violation of R.C. 2907.03. Appellant additionally claimed that he was discriminated against because of his race.
 {¶ 3} On March 5, 2004, appellees filed a Civ.R. 12(B)(6) motion to dismiss asserting that appellees are immune from liability in state court, that appellant failed to exhaust his administrative remedies, and further failed to comply with statutory procedures. On April 16, 2004, the trial court, after examining appellant's complaint, held that the Court of Claims retains jurisdiction to determine whether the state agents are immune from liability or whether their acts were outside the scope of the employment. The trial court also held that with respect to appellant's Section 1983 claim for discrimination, appellant failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, Section 1997(e)(a), Title 42 U.S.Code. The trial court granted appellees' motion to dismiss. It is from this decision and entry that appellant appeals, assigning the following as error:
Assignment of Error: I
To secure conviction against one who has allegedly violated a state law. The officers must prove beyond a reasonable doubt that the inmate participated personally and committed the offense. Prison officials who are not inpartial [sic] violated due process.
Assignment of Error: II
When an inmate has followed all of the required rules for filing an administration appeal, there is exhaustion when administrative rule calls for final resolution of the matter.
Assignment of Error: III
Complaint alleging that prison officials acted with malicious purpose and in bad faith, and in wanton and reckless manner. That court of common pleas did have the jurisdiction to hear claims that were not presented in court of claims.
 {¶ 4} We elect to address the third assignment of error, where appellant argues that the trial court retained jurisdiction to address his claims against the state and its agents. In reviewing the trial court's decision to dismiss appellant's claims against appellees for failure to state a claim pursuant to Civ.R. 12(B)(6), we do not defer to the trial court's decision, but must independently review appellant's complaint to determine if the dismissals were appropriate. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 285.
 {¶ 5} Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v.Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. In construing a complaint on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190.
 {¶ 6} Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a state employee is immune from liability under R.C. 9.86. State ex rel. Sanquily v.Court of Common Pleas of Lucas County (1991), 60 Ohio St.3d 78,80. R.C. 9.86 confers limited, personal immunity upon officers and employees of the state. Norman v. Ohio State Univ. Hosp.
(1996), 116 Ohio App.3d 69, 73.
 {¶ 7} Where an action initially is brought in the court of common pleas against a defendant who is alleged by either party to have been an officer or employee of the state when the cause of action accrued, the court of common pleas properly should dismiss the action for lack of subject matter jurisdiction.Suver v. Morris (Jan. 8, 1991), Franklin App. No. 90AP-898. Therefore, the trial court thus lacked jurisdiction to determine whether Director Wilkinson, Warden Lane, Lieutenant Dean, Sergeant Heinlin and Ms. Engle were personally immune for their actions. Furthermore, because the issue of immunity was raised with respect to the state law claims against appellees, the trial court properly dismissed all of appellant's state law claims against them, albeit for the wrong reasons: dismissal should have been for lack of subject matter jurisdiction under R.C.2743.02(F), not for failure to state a claim pursuant to Civ.R. 12(B)(6). As such, we order that the trial court's judgment be modified to so reflect. Therefore, under R.C. 2743.02(F), the Court of Claims is the only court with the authority to determine whether a state employee is immune from personal liability under R.C. 9.86. See Johns v. University of Cincinnati Med. Assoc.,Inc., 101 Ohio St.3d 234, 239, 2004-Ohio-824. As such, appellant's third assignment of error is not well-taken. Furthermore, appellant's first assignment of error is moot to the extent it arises out of claims which were dismissed.
 {¶ 8} In his second assignment of error, appellant alleges that he exhausted all available administrative remedies as evidenced by a letter from Director Wilkinson denying appellant's appeal, which appellant attached to his amended complaint.
 {¶ 9} Under Section 1997(e), Title 42, U.S. Code, a prisoner is required to exhaust all administrative remedies before filing a Section 1983 action in federal court. Brown v. Toombs (C.A.6, 1998), 139 F.3d 1102, 1103-1104, certiorari denied, 525 U.S. 833,119 S.Ct. 88. The prisoner also has the burden of demonstrating that he has exhausted those remedies. In doing so, the prisoner should attach to his Section 1983 complaint, any decisions demonstrating the administrative dispositions of his claims.Wyatt v. Leonard (C.A.6, 1999), 193 F.3d 876, 878-879; Brown,
supra, at 1104.
 {¶ 10} Exhaustion of administrative remedies is a requirement under the Federal Prison Litigation Reform Act ("PLRA"), which must be met before a prisoner's 1983 cause of action against prison officials can accrue. Martin v. Ohio Dept. of Rehab. Corr. (2001), 140 Ohio App.3d 831, appeal not allowed,91 Ohio St.3d 1523. Pursuant to R.C. 2969.26(A) and Ohio Adm. Code5120-9-31(H), an inmate is required to exhaust all administrative remedies before filing a complaint.
 {¶ 11} The Ohio Adm. Code 5120-9-31 sets up a three-step grievance process that a prisoner must follow before filing a court action. First, the prisoner must file an informal complaint with the direct supervisor of the staff member, or with the department most directly responsible for the particular subject matter of the prisoner's complaint. If the prisoner is dissatisfied with the informal complaint response, the prisoner may obtain a notification of grievance form from the inspector of institutional services. If the prisoner is not satisfied with the disposition of grievance, the prisoner may request an appeal form from the inspector. The appeal must then be filed to the office of the chief inspector. The decision of the chief inspector is final.
 {¶ 12} In addition, R.C. 2969.26(A) requires that the prisoner shall file: (1) an affidavit stating that the grievance was filed and the date the prisoner received a decision on the grievance, and (2) a copy of that written decision. See R.C. 2969.26(A)(1) and (2). Compliance with R.C. 2969.26(A) is mandatory. See Warwick v. DeWitt (Jan. 15, 2002), Ross App. No. 01CA2613; State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285. Failure to follow the mandates of R.C. 2969.26(A) warrants a dismissal of the prisoner's action.
 {¶ 13} In this case, appellant has failed to satisfy the requirements of R.C. 2969.26(A) or Ohio Adm. Code 5120-9-31. Appellant failed to file an affidavit with the original complaint and a copy of the written decision on the grievance as required by R.C. 2969.26. Furthermore, while it appears that appellant requested an appeal, it is unclear if the exhaustion requirements have been satisfied, as the appeal denial letter appellant attached to his amended complaint does not include a substantial analysis of the merits of appellant's complaint. See Hattie v.Hallock (N.D.Ohio 1998), 8 F.Supp.2d 685, 688. Appellant has failed to meet the burden of demonstrating that he has exhausted his administrative remedies before he filed suit. As such, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 14} For the foregoing reasons, appellant's first assignment of error is overruled as moot. Appellant's second and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed as modified.
Judgment affirmed.
Sadler and French, JJ., concur.