JACKSON, Appellee,

v.

JACKSON, Appellant.

[Cite as *Jackson v. Jackson,* 188 Ohio App.3d 493, 2010-Ohio-3531.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1316.

Decided July 30, 2010.

John L. Straub and Rebecca E. Shope, for appellant.

SINGER, Judge.

{¶ 1} Appellant appeals the grant of a domestic violence civil protection order by the Lucas County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we reverse.

{¶ 2} Appellant, Zeb Jackson, married appellee, Shonda Jackson, on August 12, 2003. In January 2009, appellee alleged four incidents of domestic violence against appellant, which a magistrate found proven following a full hearing.

{¶ 3} According to appellee, sometime in early January, appellant, who was intoxicated, came up from the basement of the marital residence and stated that appellee did not "belong" there. Appellant then lifted appellee from the sofa to remove her from the residence. Appellee straddled the kitchen doorway with her

legs to prevent being removed from the house. Appellant gave up and let appellee sit down, then retreated to the basement.

{¶ 4} On January 16, 2009, appellee reported that appellant came home intoxicated and found appellee lying in bed. Appellant shook appellee to awaken her. After getting no response, appellant struck her with a pillow two times. Appellee remained in the residence, but went downstairs to sleep.

{¶ 5} A few days later, according to appellee, she was using the bathroom in the marital residence when appellant, again intoxicated, came up from the basement to use the same facility. Appellee testified that appellant threatened to urinate on her. When she finished in the bathroom, appellant took her by the shirt and shoved her into the hallway.

{¶ 6} The final incident, appellee claimed, occurred in the latter half of January. After an argument, appellant called his father from the basement. Appellee overheard appellant state to his father, "I really want to f * * * her up. * * *" After overhearing the conversation, appellee packed up some items and went to her mother's house for the night.

{¶ 7} On January 22, 2009, appellant leased an apartment and moved out of the marital home. Appellee had the locks changed at the residence. Shortly thereafter, appellant learned that appellee had also moved out of the marital residence. Appellant moved back to the residence and changed the locks.

{¶ 8} On February 9, 2009, appellee noticed appellant's truck in the driveway of the marital residence. She drove to the home and confronted appellant. An argument ensued. Appellant told appellee that he moved back because no one was living there. At the hearing, appellee testified that she had moved out of the home temporarily. She had hired a company to install an alarm system and did not feel safe living there in the meantime.

{¶ 9} The morning following the argument at the marital residence, appellee filed a petition for a domestic violence civil protection order. Appellee also filed a complaint for divorce. The court issued a temporary civil protection order. A full hearing on the domestic violence civil protection order was held on June 9, 2009, and July 21, 2009, following which a magistrate concluded that appellant had committed acts of domestic violence against appellee and that she was in fear of imminent serious physical harm. On August 18, 2009, the court adopted the domestic violence civil protection order.

{¶ 10} On August 26, 2009, appellant filed a motion to vacate the domestic violence civil protection order of August 18, 2009. Appellant also filed a transcript request.

{¶ 11} The trial court treated the motion as pursuant to Civ.R. 60(B), rejected it, and affirmed the magistrate's decision. The court found that appellant had not

filed objections to the magistrate's decision, stating that appellant's remedy was an appeal. Appellant responded by filing a motion to reconsider the judgment entry, arguing that the motion was intended as a Civ.R. 53(D)(2) motion to set aside, not a Civ.R. 60(B) motion for relief from judgment. The trial court denied appellant's motion for reconsideration. Appellant filed a timely notice of appeal, setting forth the following two assignments of error:

{¶ 12} "I. The trial court committed reversible error in granting Shonda's Petition for Civil Protection Order where the evidence established that Shonda was never in fear of imminent serious physical harm as required by Ohio law;

{¶ 13} "II. The trial court committed reversible error in treating Zeb's Motion to Vacate as a Motion for Relief from Judgment under Ohio Civil Rule 60(B)."

{¶ 14} We need only address appellant's second assignment of error. Appellant argues that the trial court erred in treating his motion as a motion for relief from judgment under Civ.R. 60(B), when it was intended to be a Civ.R. 53(D)(2) motion.

{¶ 15} "Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed." Civ.R. 53(D)(2)(b).

{¶ 16} In contrast, Civ.R. 60(B) provides that "the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * * or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 17} When a motion is ambiguous or unclear, the name given to the motion is not controlling, but instead the substance, not the caption, determines the operative effect of the motion. *Hatton v. Hatton* (July 14, 1987), 2d Dist. No. 10309, 1987 WL 14266.

{¶ 18} Appellant's motion states, "Your applicant specifically objects to the conclusion, apparently reached by the Magistrate, that, notwithstanding the testimony that a substantial period of time elapsed from the last 'confrontational incidents' that occurred between the parties and the application by Petitioner for a domestic violence protection order, Petitioner was in fear of 'imminent serious physical harm' that would warrant the issuance of such an order."

{¶ 19} Appellant further contended that the testimony of appellee contradicts such a finding, citing *Williamson v. Williamson*, 180 Ohio App.3d 260, 2008-Ohio-6718, 905 N.E.2d 217, in support.

{¶ 20} Appellant's motion, on its face, does not state the civil rule pursuant to which it is being brought. Appellant, in his motion to reconsider and on appeal, maintains that it was a motion to set aside a magistrate's order under Civ.R. 53(D)(2)(b).

{¶ 21} We have some concern whether a motion to set aside under Civ.R. 53(D)(2) is an appropriate vehicle in this matter. Civ.R. 53(D)(2)(b) is a motion to set aside "a magistrate's order." The staff notes to the 2006 amendments to the rule, however, make clear that "[a]ll temporary protection orders * * * must be signed by a judge and comply fully with the procedures set forth in R.C. 3113.31 and related sections." It would seem that if the order must be signed by the judge, it is not a "magistrate's order" and a Civ.R. 53(D)(2) motion would be inappropriate.

{¶ 22} Notwithstanding this, a party may raise objections to the magistrate's decision upon which the court's order is premised, pursuant to Civ.R. 53(D)(3). The rule provides:

{¶ 23} "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period * * *." Civ.R. 53(D)(3)(b)(i).

{¶ 24} "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii).

{¶ 25} In addition, the objection must contain legal and factual support. *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486, 813 N.E.2d 918, ¶ 11. "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." Civ.R. 53(D)(4)(d).

{¶ 26} The trial court construed the motion as a motion for relief from judgment under Civ.R. 60(B). Appellant's motion did not state any of the five grounds for relief under Civ.R. 60(B), nor in any other manner resemble such a motion. There is nothing in the substance of appellant's motion to suggest it was intended as pursuant to Civ.R. 60(B). Although appellant's motion was inartfully drafted, the substance of it may be logically construed as timely objections to the magistrate's decision under Civ.R. 53(D)(3).

{¶ 27} Appellant's motion meets the specificity requirements for making objections under Civ.R. 53(D)(3)(b)(ii), including legal and factual support. The motion was filed within the time limit for making objections. Civ.R. 53(D)(3)(b)(i).

Notwithstanding the trial court's findings, the motion clearly sets forth appellant's objections to the magistrate's decision.

{¶ 28} Accordingly, we conclude that the trial court erred in recasting appellant's motion as a Civ.R. 60(B) motion and in failing to rule on appellant's objections to the magistrate's decision. As a result, appellant's second assignment of error is well taken.

{¶ 29} Having found appellant's second assignment of error well taken, we need not consider appellant's first assignment of error, which is found moot.

{¶ 30} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed. This matter is remanded to that court for further consideration consistent with this decision. It is ordered that appellee pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed.

Osowik, P.J., and Cosme, J., concur.