[Cite as *In re M.C.*, 2015-Ohio-3408.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF:                    :

      M.C.                          :          CASE NO.  CA2014-12-264

                                    :          O P I N I O N
                                              8/24/2015

                                    :

                                    :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2008-1301


Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for appellant, A.C.

B.W., 109 Hamilton Avenue, Apt. C., Trenton, Ohio 45067, appellee, pro se


**PIPER, P.J.**

{¶ 1}   Appellant, A.C. (Mother), appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, denying her motion to strike a visitation schedule that was not agreed upon by herself and appellee, B.W. (Father).

{¶ 2}   Mother and Father were not married, but had a child together.  Father filed a motion to modify the visitation he had with the child, and Mother disagreed with the visitation Father requested.  Ultimately, the parties attended mediation and were able to settle the

outstanding issues regarding visitation. The parties appeared in front of a juvenile court magistrate, and notified the court that they had reached an agreement. The parties read their agreement into the record, and such was then reduced to writing and signed by the juvenile court as the agreed entry.

{¶ 3} However, subsequently at some unknown juncture, general parenting guidelines routinely used by the juvenile court, designated as Appendix F, were attached to the agreed entry. Appendix F contains visitation guidelines, visitation schedules, and holiday designations establishing each party's rights in a given year. Appendix F is different from the agreement entered into by the parties in several respects, most importantly being when Father has a right to visit with the child for extended vacations.

{¶ 4} Father began to exercise extended vacation visitation specific to Appendix F, rather than the agreement he had mediated and agreed to with Mother. Specifically, Father kept the child for spring break, even though his agreement with Mother did not permit him to do so. Father asserted that he was permitted the extra visitation with the child because of the visitation specified in Appendix F.

{¶ 5} Mother filed a motion for contempt against Father for violating the agreed entry and for relying on Appendix F. Father then filed a motion for contempt against Mother for her alleged violations of Appendix F's visitation schedule and her strict reliance on the agreed entry. A juvenile court magistrate held a hearing on the matter and found that neither party was in contempt because neither had willfully violated the court's orders, and that there was confusion regarding the validity of Appendix F being attached to the agreed entry.

{¶ 6} The magistrate recognized that the attachment of Appendix F, and the resulting differences in visitation parameters, was never requested by the parties, but was rather likely attached by the court. Even so, the magistrate found that Appendix F had become part of the juvenile court's entry and was an enforceable provision of the order.

{¶ 7} Mother then filed objections to the magistrate's decision, which were overruled by the juvenile court. Mother also filed a motion to strike Appendix F as well as a Civ.R. 60(B) motion, asking the juvenile court for relief from judgment if Appendix F was to be considered a part of the juvenile court's entry. The juvenile court denied Mother's motions. Mother now appeals the juvenile court's decision, raising the following assignment of error.

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT REFUSED TO STRIKE APPENDIX F FROM THE PARTIES' AGREED PARENTING PLAN.

{¶ 9} Mother argues in her assignment of error that the juvenile court erred when it denied her motion to strike Appendix F from the agreed entry.

{¶ 10} According to Civ.R. 60(A), "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."[1] Civ.R. 60(A) applies only to clerical mistakes which involve "'blunders in execution' and not substantive mistakes where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." *Gould v. Gould*, 12th Dist. Butler No. CA2004-01-010, 2005-Ohio-416, ¶ 29. Stated another way, a clerical mistake is "a mistake or omission, mechanical in nature and apparent on the

---

1. Mother filed a Civ.R. 60(B) motion for relief from judgment, as well as a motion to strike. However, Mother's motion to strike asked the juvenile court to recognize that an error was made in attaching Appendix F, and to correct that error by striking Appendix F from the agreed entry. While a motion to strike can be used in regard to discovery, pleadings, or matters at trial, motions to strike are not the proper procedural method for correcting a trial court's entry when such contains a clerical error. *See* Civ.R. 60(A). Also, and unlike Civ.R. 60(B), which has a one year time limit for requests for relief from judgment, Civ.R. 60(A) does not have such a time limit, and corrections can be made "at any time." As such, the juvenile court should have treated Mother's motion to strike as a motion to correct the clerical error pursuant to Civ.R. 60(A). *See Jackson v. Jackson*, 188 Ohio App.3d 493, 2010-Ohio-3531, ¶ 17 (6th Dist.) (finding that "the name given to the motion is not controlling, but instead the substance, not the caption, determines the operative effect of the motion").

record which does not involve a legal decision or judgment." *Ashburn v. Roth*, 12th Dist. Butler Nos. CA2006-03-054 and CA2006-03-070, 2007-Ohio-2995, ¶ 24.

{¶ 11} After reviewing the record, we find that the attachment of Appendix F to the parties' agreement and the juvenile court's entry was a clerical error that must be corrected. The record is patently clear that Mother and Father entered into mediation to resolve their dispute over visitation, and that the parties reached a complete and inclusive agreement as to parenting time that was not contingent upon or inclusive of Appendix F. The parties' agreement resulting from mediation was their comprehensive agreement as to how parenting time would occur, and what rights each would have in regard to parenting time with the child, and that agreement was the only one offered to the juvenile court for adoption.

{¶ 12} The complete agreement included Father's weekly parenting time with the child on Wednesdays as well as weekend visitations. Conversely, Appendix F states that the non-residential parent shall have visitations on Mondays. Father admitted at the hearing on the cross-contempt motions that he never attempted visitation with the child on Monday as permitted by Appendix F, and rather, abided by the terms set forth in his agreed entry with Mother that he would visit with the child on Wednesdays. The only claim made by Father was that Appendix F operated to provide him with extended vacations with the child, which were not afforded him in the agreed entry. However, Father mediated and eventually agreed to a visitation schedule that did not delineate what specific extended vacations with the child would occur. Instead, the agreement addressed holidays including Easter, Mother's Day, Father's Day, July Fourth, Labor Day, Thanksgiving, Christmas, birthdays, and certain Jewish holidays. Unlike Appendix F's specific designation of vacation rights, the record indicates that through the agreed entry, Father would request extended vacation with Mother in advance, and the parties would agree upon such vacation.

{¶ 13} The agreement also addressed transportation, forfeiture of visitation, right of

first refusal, and pending issues such as child support and contempt motions. These provisions are different than Appendix F, and clearly indicate that Mother and Father agreed to a wholly separate and distinct visitation plan different from the normal parenting guidelines established by the court through Appendix F.

{¶ 14} The agreement, in its entirety, was read into the record and approved by the magistrate as the final agreement between the parties. At no time, however, was Appendix F made a part of the parties' agreement, nor was it even mentioned at the hearing by either party or the magistrate. Instead, the magistrate instructed Mother's attorney to read the agreement "into the record so that we make sure that we've got *everything* on record." (Emphasis added.) The agreement was read into the record, and Father agreed that the reading of the agreement was correctly done without ever suggesting that the agreed entry was in addition to or meant to supplement Appendix F. In fact, and after reading the agreement into the record, Mother's counsel reiterated that the *only other* issue that needed discussion was Father's request to amend the birth certificate and that such issue was being addressed in probate court.

{¶ 15} The magistrate then addressed that all pending motions were resolved, and further stated, "what we've done today, just so that both parties are aware, we've read this into the record. So, this is… this is going to become a court order with respect to what's been read into the record." The magistrate never stated that Appendix F would also be added for any reason. Mother's attorney then reduced the parties' agreement to an agreed entry with no inclusion of or reference to Appendix F, and only the agreed entry was signed by both parties and the juvenile court.

{¶ 16} For these reasons, the magistrate concluded, "the attachment of 'Appendix F' was not requested by Mother or her Counsel, nor was it requested by Father, but rather was attached by the Court without request from either party to address issues not otherwise

- 5 -

addressed." While the magistrate, and juvenile court in overruling Mother's objections, decided that Appendix F became a part of the agreed entry because a court speaks through its entries and was an enforceable provision, the record clearly indicates that the inclusion of Appendix F was a clerical mistake that must be corrected by the juvenile court.

{¶ 17} Both the magistrate and juvenile court concluded that Appendix F could have been attached as a means of addressing issues "not otherwise addressed" in the parties' agreed entry. However, the record does not support such a finding where the agreed entry clearly addresses the visitation schedule agreed upon by the parties during their mediation. In fact, the parties' agreed entry was more specific and complete than Appendix F in that it provided specifically for Jewish holidays and designated holidays differently than Appendix F. The parties' agreed entry also specifically addressed transportation issues, the possibility of forfeiture of parenting time if the parties were late in picking up the child, the right of first refusal should the child need more than three hours of child care, and that parenting time could be liberalized or modified by "consent of the parties."[2] However, at no time did the more specific provisions make reference to or address Appendix F in the least, and as already discussed, no reference to Appendix F was made at the hearings. Therefore, and because the parties' agreement was more specific and expressly addressed the visitation issues in full, Appendix F was not necessary to address any further issues and served only to contradict the agreement the parties actually reached.

{¶ 18} The record is clear that the mistaken or inadvertent attachment of Appendix F to the agreed entry was clerical rather than substantive, and not a case where the magistrate or juvenile court had second thoughts or changed the legal decision it had previously made when it first accepted the agreed entry. Had the magistrate decided to make substantive

---

2. As previously discussed, when Father wanted extended visitation with the child for vacation, he would request such through Mother.

modifications to the parties' agreement, such as attaching Appendix F as a gap-filler, it would have specifically notified the parties of its intention to do so, as stated in its written decision. According to the magistrate's written decision, "the Magistrate's Decision and Order will be presented to the Assigned Judge for approval or disapproval. * * * If modified * * * you will receive notice of any such modification or non-approval." The magistrate never informed the parties that it was including Appendix F as a gap-filler or gave notice that it was attaching Appendix F for any reason whatsoever. The fact that the attachment was made without any notice to the parties further supports our conclusion that such was a clerical error and was not done by the juvenile court in an attempt to address any issues not already covered by the agreed entry.

{¶ 19} As such, the attachment of Appendix F was mechanical in nature and, not involving a legal decision or judgment, it can be corrected through the application of Civ.R. 60(A). For these reasons, Mother's assignment of error is sustained. The cause is remanded to the juvenile court to apply Civ.R. 60(A) and make corrections to the clerical error resulting from the inadvertent or mistaken attachment of Appendix F to the parties' agreed entry.

{¶ 20} Judgment reversed, and the cause is remanded for further proceedings consistent with this opinion.

S. POWELL and HENDRICKSON, JJ., concur.