[Cite as *Jackson v. Lashley*, 2019-Ohio-1943.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

KERI LEE JACKSON,

Plaintiff-Appellee,

v.

ELIJAH JOSHUA LASHLEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0104**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio
Case No. 16 DR 74

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

Keri Lee Jackson, Pro Se, (NO BRIEF FILED), for Plaintiff-Appellee, and

Elijah Joshua Lashley*,* Pro Se, A683-025, Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, Ohio 44030, for Defendant-Appellant.
Dated:
May 17, 2019

**Donofrio, J.**

{¶1} Defendant-appellant, Elijah Lashley, appeals from a Mahoning County Common Pleas Court, Domestic Relations Division judgment denying his "motion to amend judgment entry in the interest of justice," in which appellant sought a visitation order with his children.

{¶2} Appellant and plaintiff-appellee, Kerri Jackson, were married on November 7, 2014. They share two minor children. Appellee filed a complaint for divorce on February 12, 2016. At the time, appellant was incarcerated in the county jail awaiting trial on charges relating to appellee. Appellant filed a pro se response, which in part requested visitation with the children.

{¶3} A magistrate held the divorce hearing. The magistrate found that appellant had now been convicted of felonious assault and kidnapping with the victim being appellee. The magistrate granted the divorce and named appellee as the children's residential parent. The magistrate further found that appellant should not be granted parenting time rights at that time due to his incarceration and the serious nature of his crimes against appellee. Neither party filed objections to the magistrate's decision. The trial court entered judgment in accordance with the magistrate's decision on May 27, 2016.

{¶4} On March 20, 2018, appellant, now from prison and still acting pro se, filed a "motion to amend judgment in the interest of justice." In this motion, appellant petitioned the court for a visitation order. Appellant asserted that because of a program he completed in prison, his children would be permitted to visit him at the prison.

{¶5} The magistrate set the matter for hearing on April 30, 2018. The magistrate stated appellant was permitted to appear by telephone for this and all other hearings in this matter but that it was up to appellant to make the arrangements with the prison to initiate the call to the court on the date and time of the hearing.

{¶6} On the day of the hearing, appellant appeared by telephone. But the magistrate found that appellee had not been served with a copy of the motion and she did not appear. Therefore, the magistrate rescheduled the hearing for June 18, 2018.

Case No. 18 MA 0104

The magistrate noted again that appellant was permitted to appear by telephone for all hearings in this matter but that it was appellant's responsibility to make the arrangements and initiate the call at the proper date and time.

{¶7} On June 18, the magistrate once again rescheduled the hearing "due to lack of service." This time the magistrate did not indicate if service was perfected on appellant, appellee, or both parties. Additionally, the magistrate did not note whether appellant appeared at this hearing by telephone or if he failed to appear. Again, the magistrate noted that appellant was permitted to appear at all future hearings by telephone. This time the magistrate set the hearing for August 21, 2018.

{¶8} On July 2, 2018, a certified mail receipt was filed with the court indicating that service had been made on appellee's last known attorney of record. There is no similar indication of service on appellant.

{¶9} On July 26, 2018, appellant filed a notice of change of address with the court. The notice informed the court of appellant's new address at a different correctional facility.

{¶10} The magistrate held the hearing as scheduled on August 21, 2018. Appellant did not appear by telephone. Appellee also did not appear. The magistrate subsequently issued a decision denying appellant's motion for failure to prosecute.

{¶11} Two weeks after the magistrate issued his decision, on September 5, 2018, appellant filed a motion for reconsideration. Appellant alleged he did not appear by telephone because he was not notified of the time and date of the August 21, 2018 hearing.

{¶12} The trial court entered judgment in accordance with the magistrate's decision and denied appellant's motion for lack of prosecution. The judge signed and dated the judgment on September 6, 2018. The judgment entry, however, was file stamped September 10, 2018.

{¶13} On September 13, 2018, the magistrate issued a decision stating that the court would disregard appellant's motion for reconsideration because a motion for reconsideration is considered a nullity.

{¶14} Appellant filed a timely notice of appeal on October 1, 2018, from the trial court's September 10, 2018 judgment denying his motion. Appellant, still acting pro se, now raises one assignment of error.

{¶15} Appellant's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED PLAINTIFF'S COMPLAINT FOR VISITATION FOR LACK OF HIS PERSONAL APPEARANCE.

{¶16} Appellant contends that his due process rights were violated when the trial court denied his motion for failure to attend the hearing because he never received notice of the day and time of the hearing. He goes on to make arguments concerning the best interests of the children and why the court should not deny him contact with his children. He notes that even if the court does not permit him visits with his children, he is still seeking a parenting time order that would permit him to call the children, send them letters, and visit via video conferencing. In sum, appellant asks this court to reverse the trial court's judgment and remand the matter with instructions to the trial court to conduct the hearing on his motion.

{¶17} In order to preserve for appeal the trial court's adoption of a magistrate's findings of fact and conclusions of law, a party must file objections to the magistrate's decision and state with particularity all grounds for objection. Civ.R. 53(E)(3)(b)(ii). In order to be timely, the party filing objections must do so within 14 days of the filing of the decision. Civ.R. 53(E)(3)(b)(i).

{¶18} In this case, appellant's "motion for reconsideration" was actually an objection to the magistrate's decision.

{¶19} On August 22, 2018, the magistrate issued his decision denying appellant's motion based solely on appellant's failure to appear by telephone at the hearing. On September 5, 2018, within the 14-day time limit for filing objections, appellant filed what he labeled a "motion for reconsideration." But a reading of appellant's "motion for reconsideration" indicates that appellant timely objected to the magistrate's decision. In the "motion for reconsideration," appellant argued with particularity the grounds of his objection. He argued that he was not notified of the time and date of the August 21

Case No. 18 MA 0104

hearing and, therefore, he did not attend by telephone. He asked the court to reset the matter for a hearing.

**{¶20}** Many courts have recognized differently-titled motions as objections to magistrate's decisions. See *Matter of M.W.*, 12th Dist. Butler No. CA2017-01-011, 2017-Ohio-7358, ¶ 21 (juvenile court properly construed motions to "set aside" magistrate's decision as objections to the magistrate's decision); *Jackson v. Jackson*, 188 Ohio App.3d 493, 2010-Ohio-3531, 935 N.E.2d 937 (6th Dist.) ¶ 26-27 (court noted that the appellant's motion met Civ.R. 53's specificity requirements for making objections and found, "[a]lthough appellant's motion was inartfully drafted, the substance of it may be logically construed as timely objections to the magistrate's decision under Civ.R. 53(D)(3)."); *State ex rel. Kleinman v. Indus. Com'n of Ohio*, 10th Dist. Franklin No. 04AP-692, 2005-Ohio-3098, ¶ 2 (relator filed an "application for reconsideration" of the magistrate's decision, which the court construed as objections to the magistrate's decision).

**{¶21}** In this case the trial court never had a chance to rule on appellant's motion/objections. Appellant filed his motion/objections on September 5, 2018 (the last day to timely file objections). On September 6, 2018, the trial court signed and dated its judgment entry. This entry found that neither party had filed objections to the magistrate's decision and adopted that decision. The entry was not file-stamped until September 10, 2018. Then on September 13, 2018, the magistrate issued a decision denying appellant's motion/objections, finding that a motion for reconsideration is considered a nullity. The trial court never entered judgment on the magistrate's September 13 decision.

**{¶22}** What likely happened in this case is that the trial court entered judgment on the magistrate's August 22 decision without ever seeing or being made aware of appellant's motion/objections. Had the court been aware of the motion/objections, it would have mentioned so in its judgment entry.

**{¶23}** Thus, the appropriate remedy here is a remand to the trial court so that it can rule on appellant's specific, timely objections to the magistrate's August 22, 2018 decision.

**{¶24}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby reversed. This matter is remanded so that the trial court may rule on appellant's objections filed on September 5, 2018.


Waite, P. J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court so that the trial court may rule on appellant's objections filed September 5, 2018. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**